TOWNSHIP COMMITTEE OF THE TOWNSHIP OF SOUTH HARRISON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY; MARY ANN ALLS; HERBERT DANNER; WARREN MORGAN; THOMAS SORBELLO; AND RUSSELL MARINO, PLAINTIFFS, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF GLOUCESTER; AND NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, DEFENDANTS.

Superior Court of New Jersey
Law Division Gloucester County

Decided January 30, 1985.

*Lewis Goldshore* for plaintiffs (*Goldshore & Wolf,* attorneys).

*Bruce Hasbrouck* for defendant Board of Chosen Freeholders of the County of Gloucester (*Hasbrouck & Uliase,* attorneys).

*Ronald Heksch* for defendant New Jersey Department of Environmental Protection (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney).

MILLER, EDWARD S., J.S.C.

I have been asked to restrain the required administrative actions of the County of Gloucester and Department of Environmental Protection in reviewing an amendment to the county's solid waste plan designating a stated site in South Harrison Township. Action was taken by the county on December 28, 1984, pursuant to an order of Judge Samuel G. DeSimone in a case involving the Kinsley Landfill. Judge DeSimone directed steps be taken by February 1, 1985 and this is being done.

Particularly given the emergent matter of the solid waste problem in New Jersey and in Gloucester County, the court declines to slow this process in any manner. The Department of Environmental Protection and county are ordered to allow plaintiffs to present any evidence or arguments to the Department of Environmental Protection. Further, this court will monitor, at frequent intervals, the progress of this case to insure protection of plaintiffs' rights. However, in the opinion of this court, to restrain these actions in the face of the imminent public health problem would be an abdication of the court's responsibilities. Plaintiffs are being, and will be, provided with all procedural protection but the case cannot be halted in place or disaster may occur.